IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01683-GPG

SAFRON HUOT,

    Plaintiff,

v.

MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES,
MONTANA SUPREME COURT,
DEER LODGE COUNTY DISTRICT COURT OF MONTANA,
JUDGE RAY DENTON,
CAL BOYAL,
CINDY JOHNSON,
DEER LODGE MEDICAL CENTER,
WAYNE R. MARTIN, M.D.,
SUSANNE M. CLAGUE, Clague Law Office, PLLC,
BEN KRAKOKA, County Attorney Office,
SUSAN DAY, PhD.,
DAVE FENCHAK, Smelter City Facility Development Center, Inc.,
MARY JO FORTNER, and
ROGER FORTNER,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Safron Huot, initiated this action on July 11, 2017 by filing, *pro se*, an "Out of Date Complaint" (ECF No. 1), in which she purports to assert claims under this Court's federal jurisdiction, 28 U.S.C. § 1331. Ms. Huot also filed a Motion to Proceed In Forma Pauperis (ECF No. 3), a Motion for Appointed Counsel (ECF No. 6), and a Motion to Set Aside Adoption and Reinstate Full Parental Rights (ECF No. 7).

On July 12, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint

1

pursuant to D.C.COLO.LCivR 8.1(a) and determined that the allegations failed to show that venue is proper in the District of Colorado. Consequently, in a July 12, 2017 Order (ECF No. 8), Ms. Huot was directed to show cause, in writing, within 30 days, why this action should not be dismissed without prejudice or transferred to the proper venue. Plaintiff did not respond to the July 12 Order.

The Court construes the Complaint liberally because Ms. Huot is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed without prejudice.

The Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that the Plaintiff provide a short and plain statement of the grounds for the court's subject matter jurisdiction as well as a short and plain statement of her claim(s) showing that she is entitled to relief. Notwithstanding, the Court discerns from the Plaintiff's bare allegations that she is complaining about the termination of her parental rights by the State of Montana, as well as the actions of the other named Defendants that allegedly caused the termination.

The allegations of the Complaint indicate that venue is not proper in the District of Colorado. The general federal venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is not proper, the court may cure the defect *sua sponte* pursuant to 28 U.S.C. § 1406(a). See *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Ms. Huot alleges that she and the Defendants are residents of Montana and there is no indication that any of the acts complained of occurred in the District of Colorado. As such, the District of Colorado is not a proper venue for this action.

Furthermore, the Court finds that a transfer of this case to a federal district court in Montana is not in the interests of justice. Because the Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8, the Court is unable to determine whether Ms. Huot is asserting a potentially meritorious claim. "There is no obligation to keep meritless claims alive through transfer to another court." See *Johnson v. Lappin*, No. 11-1381, 478 F. App'x 487, 492 (10th Cir. April 16, 2012) (unpublished) (dismissing habeas claims raised in *Bivens*[1] action as frivolous, instead of transferring claims to appropriate federal venue); *see also Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2000) (authorizing federal court to "take a peek at the merits" to "avoid wasting judicial resources that would result from transferring a case which is clearly doomed.") (internal citation and quotations omitted).   Accordingly, it is

ORDERED that the "Out of Date Complaint" (ECF No. 1) and this action are DISMISSED WITHOUT PREJUDICE for improper venue.   It is

FURTHER ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 3), Motion for Appointed Counsel (ECF No. 6), and Motion to Set Aside Adoption and Reinstate Full Parental Rights (ECF No. 7) are DENIED as moot.   It is

FURTHER ORDERED that that leave to proceed *in forma pauperis* on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED August 21, 2017, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABOCK, Senior Judge
United States District Court